940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David B. BARBER, Petitioner-Appellant,
v.
Gary L. HENMAN, Respondent-Appellee.
 No. 90-2341.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 17, 1991.*
Decided Aug. 8, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 David Barber, pro se, filed a petition for habeas corpus under 28 U.S.C. Sec. 2241 alleging that the United States Parole Commission improperly set his parole date outside the parole guidelines. The district court denied the writ and Barber appeals. We dismiss the appeal as moot.
 
 
 2
 Barber, then working as an attorney, was originally convicted of an arson-for-profit scheme. His client and co-conspirator, Mark McFarland, secretly cooperated with the government during the scheme. As a result of McFarland's testimony, Barber was convicted and sentenced to 18 months in prison on a mail fraud count, followed consecutively by three concurrent sentences of 5 years' probation on three bankruptcy fraud counts.
 
 
 3
 Barber was released after 13 months in jail and began his new life on probation. During that time McFarland went on trial and was also convicted in the insurance scheme. Before McFarland's sentencing, Barber wrote fraudulent letters on the letterheads of those defrauded in the scheme to a district court judge urging a tough sentence for McFarland. Once this came to light, the district court revoked Barber's probation and re-sentenced him instead to concurrent five-year terms of imprisonment. See United States v. Barber, 881 F.2d 345 (7th Cir.1989) (affirming the district court's revocation of probation). On appeal, Barber argues that the Parole Commission lacked good cause to depart from the guidelines, and that the Commission double counted when determining the proper category.
 
 
 4
 After the briefs in this case were in, the government filed a motion to dismiss the appeal. The government has informed the court that on April 16, 1991, Barber was released from custody and is now residing at his Springfield home. Barber has not responded to the motion.
 
 
 5
 Because Barber attacked only his sentence, rather than the underlying conviction, and because that sentence expired during the course of these proceedings, this case is moot. Lane v. Williams, 455 U.S. 624, 631 (1982). The possibility that Barber's parole determination may be considered in a subsequent parole determination or sentencing does not amount to a "collateral consequence" sufficient to prevent his appeal from being moot. See id. at 632-33 & n. 13. The appeal is dismissed as moot.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it has tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The petitioner in this case has filed a motion waiving oral argument